' Donovan, J.
In this action of contract the plaintiff seeks to recover the sum of $500.00 on what he alleges is a written agreement, a copy of which as if appears in his declaration- ¡being as follows:
“I hereby agree to divide equally with Henry H. Davis whatever fees or moneys paid to me as attorney for the executors of the estate of J. J. Lamson, late of Belmont, Mass., intending hereby to pay directly to him one-half of any and all sums received iby me in any other oapacitv relating to said estate.
(Signed) MICHAEL L, FAHEY. ’ ’
The defendant’s answer is a general denial and payment. The only evidence set forth in the report tending to show that the parties entered into an agreement of any sort is that the plaintiff and one Mrs. Mollie Forrest were co-executors of the “estate” of J. J. Lamson, referred to in said written agreement; that the defendant was employed *131 by said Mrs. Forrest to act as her attorney in the matter of the probate of said estate; that the plaintiff, in a conference had between the plaintiff and defendant, agreed that the defendant was authorized to act as attorney for both executors; that at said conference the defendant agreed with the plaintiff to prepare a petition to be signed by both co-executors and file same.
The evidence reported does not show that this agreement was ever reduced to writing and except by inference it does not appear that the written instrument relied upon by the plaintiff was offered by either of the parties or that it became part of the evidence presented to the trial judge.
There was other evidence tending to show that the defendant, from February 18,1942 to December 28,1942, continued to act as attorney for the co-executors in various matters pertaining to said estate; that shortly before a compromise of the will was effected the defendant was requested by Mollie Forrest to withdraw as her attorney, the other executor assenting thereto; that the defendant received a payment of $2,000.00 for legal services out of which he paid the plaintiff the sum of $500.00 and no more; that from said estate the plaintiff received the sum of $2,750.00 as executor’s fee, and that the defendant took the position that the plaintiff having received from said estate substantially more than the defendant, he (the plaintiff) ought not to expect the defendant to pay him any more.
The defendant filed six requests entitled “Requests for Rulings” all of which, except requests Nos. 1 and 2 are either requests for findings of fact or at least mixed requests for findings of fact and rulings of law.
Specifically, in dealing with request No. 3 reading as follows:
“That the agreement so-called signed by the defendant did not contain the complete and entire terms of the agreement of the parties, but was a partial memorandum only,” *132 the court denied the request with the notation, “I do not so find” but he did not state what he did find. By inference it may well be said that he found that the agreement signed by the defendant did contain the complete and entire terms of the agreement of the parties.
It is difficult to understand how the trial judge reached this conclusion when the report in the case fails to disclose that the written agreement declared upon by the plaintiff was presented to the trial judge as evidence in the case, although the context of the report would seem to indicate the contrary. The evidence set forth in the reports is meagre and sketchy and the manner in which the trial judge disposed of the defendant’s requests for rulings Nos. 3, 4, 5 and 6 is ambiguous and uncertain.
While it is the duty of the party claiming to be aggrieved by any action of the trial judge to prepare a proper and adequate report, the trial judge in dealing with requests for rulings of law and when establishing a report to this division always has the burden of employing language which does not leave counsel for either party at the mercy of an ambiguity or uncertainty as to what he had in mind at the time of making his rulings or as to the process of reasoning he adopted, or, based upon the evidence presented at the trial, could have adopted in reaching his conclusion in the case, and if the language used raises such an ambiguity or uncertainty it is far better to order a new trial and thereby avoid even the possibility of a miscarriage of justice than to deny it and thereby make permanent the doubt of judicial mistake.
Although the report states that “it contains all the evidence material to the questions reported,” it may well be, and it seems to us quite likely, that through oversight or inadvertence the trial judge omitted from the report established by him certain of the evidence which was pre *133 sented to him at the trial, thus the uncertainty and ambiguity hereinbefore referred to. It is our opinion that in a situation like that here presented a recommittal of the report to the trial judge for amendment or expansion will serve no good purpose. See Barrows v. Inhabitants of Town of Revere, App. Div. No. 189 of 1913 (2-88). See also Sneirson v. Stimpson, App. Div. No. 1975 of 1921 (14-126).
Based upon the report in this case we apprehend that there might well be a doubt in the mind of the defendant, if not in that of the plaintiff, as to the grounds of the finding made by the trial judge. We think that the sure method of removing this doubt is by way of a new trial and that being so it is unnecessary for us to pass upon the other grievances claimed and argued by the defendant. Finding for plaintiff vacated. New trial ordered.